UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924 20-MD-2924 |
| | JUDGE ROBIN L ROSENBERG MAGISTRATE JUDGE BRUCE REINHART |

_____/

**THIS DOCUMENT RELATES TO:**     **JURY TRIAL DEMANDED**

Christopher P. Quinlan

_____
(Plaintiff Name(s))

## SHORT-FORM COMPLAINT - VERSION 3

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Second Amended Master Personal Injury Complaint ("SAMPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint - Version 3 as permitted by Pretrial Order 80 and the Court's Orders regarding motions to dismiss and specifically DE 3751 at 1, as outlined on page 1 of the SAMPIC.

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

### I.     PARTIES, JURISDICTION, AND VENUE

**A. PLAINTIFF(S)**

1. Plaintiff(s) Christopher P Quinlan_____

   ("Plaintiff(s)") brings this action (check the applicable designation):

   [X]     On behalf of [*himself/herself*];

1

☐   In representative capacity as the _____, on behalf of the injured party, (Injured Party's Name) _____.

2. Injured Party is currently a resident and citizen of (City, State) __Orlando, Florida__ and claims damages as set forth below.

—OR—

Decedent died on (Month, Day, Year) _____. At the time of Decedent's death, Decedent was a resident and citizen of (City, State) _____.

If any party claims loss of consortium,

3. _____ ("Consortium Plaintiff") alleges damages for loss of consortium.

4. At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State) _____.

5. At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State) _____.

## B. DEFENDANT(S)

6. Plaintiff(s) name(s) the following Defendants from the Amended Master Personal Injury Complaint in this action:

    **a. Brand-Name Manufacturers from the SAMPIC:**
    Boehringer Ingelheim Corporation, Boehringer Ingelheim International GmbH, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Promeco, S.A. de C.V., Boehringer Ingelheim USA Corporation, Chattem, Inc., GlaxoSmithKline (America) Inc., GlaxoSmithKline LLC, GlaxoSmithKline PLC, Patheon Manufacturing Service LLC, Pfizer Inc., Sanofi S.A., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC

### b. Others Not Named in the SAMPIC:

AmeriSource Health Services LLC, American Health Packaging, AmerisourceBergen Corporation, Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals of New York, LLC, Amneal Pharmaceuticals, Inc., Apotex Inc., Auro Health LLC, Aurobindo Pharma USA, Inc., Aurobindo Pharma, Ltd., Cardinal Health, Inc., Dr. Reddy's Laboratories Inc., Dr. Reddy's Laboratories SA, Dr. Reddy's Laboratories, Ltd., Geri-Care Pharmaceuticals Corp., Glenmark Generics Ltd., Glenmark Pharmaceuticals Ltd., Glenmark Pharmaceuticals, Inc., USA, Granules India, Ltd., Granules USA, Inc., J.B. Chemicals and Pharmaceuticals Ltd., L. Perrigo Co., McKesson Corporation, Mylan Institutional LLC, Mylan Laboratories Ltd., Mylan Pharmaceuticals, Inc., Mylan, Inc., Perrigo Company, Perrigo Company, PLC, Perrigo Research & Development Company, Ranbaxy Inc., Sandoz Inc., Strides Pharma Global Pte. Ltd., Strides Pharma Science Ltd., Strides Pharma, Inc., Sun Pharmaceutical Industries Ltd., Sun Pharmaceutical Industries, Inc., Ranbaxy Pharmaceuticals Inc., Teva Pharmaceuticals U.S.A., Inc., Teva Pharmaceutical Industries, Ltd., Unique Pharmaceutical Laboratories Ltd., Walgreen Co., Walgreens Boots Alliance, Inc., Wockhardt USA LLC, Wockhardt USA, Inc., Wockhardt, Ltd., Catalytica Pharmaceutical Inc., DSM Pharmaceuticals Inc.

## JURISDICTION AND VENUE

Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

__Middle__ District of __FL__

8. Jurisdiction is proper upon diversity of citizenship.

## II.   PRODUCT USE

9. The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

   ☒ By prescription

   ☒ Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) __01/01/2000 00:00:__ to __09/01/2017 00:00:__.

### III. PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | BLADDER CANCER | |
| ☐ | BREAST CANCER | |
| ☐ | COLORECTAL/INTESTINAL CANCER | |
| ☐ | ESOPHAGEAL CANCER | |
| ☐ | GASTRIC CANCER | |
| ☐ | KIDNEY CANCER | |
| ☒ | LIVER CANCER | 01/11/2018 00:00:00 |
| ☐ | LUNG CANCER | |
| ☐ | PANCREATIC CANCER | |
| ☐ | PROSTATE CANCER | |
| ☐ | OTHER CANCER: | |
| ☐ | DEATH (CAUSED BY CANCER) | |

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s)

### IV. CAUSES OF ACTION ASSERTED

13. The following Causes of Action asserted in the Amended Master Personal Injury Complaint are asserted against Defendants, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

14. By checking the appropriate causes of action below, Plaintiff(s) assert these causes of action based upon the law and applicable Sub-Counts of the following state(s):[1]

---

[1] In selecting the relevant states above, Plaintiffs reserve all rights to argue choice of law issues at a later time.

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the SAMPIC |
|---|---|---|---|
| ☒ | I | Strict Products Liability – Failure to Warn through Warnings and Precautions | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | II | Negligence – Failure to Warn through Warnings and Precautions | All States and Territories, **Except** LA, NJ, OH, and WA |
| ☒ | III | Strict Products Liability – Failure to Warn through Proper Expiration Dates | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | IV | Negligence – Failure to Warn through Proper Expiration Dates | All States and Territories, **Except** LA, NJ, OH, and WA |
| ☒ | V | Strict Products Liability – Design Defect Due to Warnings and Precautions | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | VI | Strict Products Liability – Design Defect Due to Improper Expiration Dates | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | VII | Negligent Failure to Test | KS, TX |
| ☒ | VIII | Negligent Product Containers: (Against all Defendants who manufactured and sold pills[2]) | All States and Territories |
| ☒ | IX | Negligent Storage and Transportation | All States and Territories |
| ☒ | X | Unjust Enrichment (Against All Defendants) | All States and Territories |
| ☐ | XI | Loss of Consortium (Against All Defendants) | All States and Territories |
| ☐ | XII | Survival Actions | All States and Territories |
| ☐ | XIII | Wrongful Death | All States and Territories |

---

[2] This Count applies only to pills, not ranitidine-containing products in the form of syrups or injections.

15. In addition to the counts above, Plaintiff(s) hereby allege(s) all of the causes of action and facts supporting them alleged in the Amended Master Personal Injury Complaint (AMPIC), D.E. 3887, and the Master Personal Injury Complaint (MPIC), D.E. 887, that are alleged against the above-listed Defendants. These additional counts are incorporated by reference as if fully stated herein. By incorporating each claim from each master pleading, Plaintiff(s) preserve all rights to challenge previously entered orders from the Court.

16. In addition to the claims listed above, Plaintiff(s) assert claims of Negligent Misrepresentation and Reckless Misrepresentation against Brand-Name Manufacturers. In support of these claims, Plaintiff(s) allege the allegations in the AMPIC in support of Counts XII and XIII as well as the following additional jurisdictional facts: Brand Defendants sold, advertised, and marketed Zantac in Plaintiff(s)' home state.

## V.   JURY DEMAND

17. Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Amended Master Personal Injury Complaint.

Signature Block:  /s/Brett A. Emison
Langdon & Emison, LLC
911 Main Street
Lexington, MO 64067
brett@lelaw.com
660-259-7199